UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                             CASE NO.:   8:09-cr-507-T-23AEP

JASON ANTHONY MARTINEZ
_____/

**ORDER**

On September 7, 2010, the United States and the defendant convened for sentencing. A dispute arose concerning the amount of the forfeiture money judgment for which the United States moves (Doc. 19). Both the United States (Docs. 26 and 32) and the defendant (Docs. 22 and 28) address the pertinent issue in memoranda of law. The parties agree that the circuit courts of appeals are somewhat divided on the pertinent question, which remains undecided (at least, explicitly) in the Eleventh Circuit.

A review of the decisional precedent and the scholarly commentary suggests that the term "proceeds" in 18 U.S.C. § 982 (a)(2)(A) (. . . any property constituting, or derived from, proceeds the person obtained directly or indirectly . . . .") means gross receipts without reduction for costs and expenses rather than "net profit" or a similar concept. United States v. Boulware, 384 F.3d 794 (9th Cir. 2004); United States v. Keeling, 235 F.3d 533 (10th Cir. 2000); United States v. Simmons, 154 F.3d 765 (8th Cir. 1998); Jimmy Gurulé, Sandra Guerra Thompson, & Michael O'Hear, The Law of Asset Forfeiture §5-3(b) (2d ed. 2004); Stefan D. Cassella, Asset Forfeiture Law in the

United States § 25-4(d) (2007 & Supp. (2010))).  Contra, United States v. Genova, 333 F.3d 750 (7th Cir. 2003).

The United States' motion (Doc. 19) is **GRANTED**.  The United States is entitled to inclusion in the judgment and commitment of a forfeiture money judgment for $4,015,000.00.

ORDERED in Tampa, Florida, on December 22, 2010.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE